**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**  **DEWEY & LEBOEUF LLP,**       *Debtor.* | Case No. 12-12321 (MG)  Chapter 11 |
| **ALAN M. JACOBS**, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,       *Plaintiff,*       v.  **JOHN J. ALTORELLI,**       *Defendant.* | Adversary No. 14-01015 |
| **ALAN M. JACOBS**, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,       *Plaintiff,*       v.  **ERIC W. BLANCHARD,**       *Defendant.* | Adversary No. 13-01777 |
| **ALAN M. JACOBS**, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,       *Plaintiff,*       v.  **GLYNNA CHRISTIAN,**       *Defendant.* | Adversary No. 13-01773 |
| **ALAN M. JACOBS**, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,       *Plaintiff,*       v.  **ERIC W. COWAN,**       *Defendant.* | Adversary No. 14-01796 |
| **ALAN M. JACOBS**, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,       *Plaintiff,*       v.  **DAVID R. GREENE,**       *Defendant.* | Adversary No. 14-01797 |

| | |
|---|---|
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,**<br>             *Plaintiff,*<br>                   v.<br>**LAWRENCE A LAROSE,**<br>             *Defendant.* | **Adversary No. 13-01769** |
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,**<br>             *Plaintiff,*<br>                   v.<br>**TERRENCE W. MAHONEY,**<br>             *Defendant.* | **Adversary No. 14-01817** |
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,**<br>             *Plaintiff,*<br>                   v.<br>**WILLIAM C. MARCOUX,**<br>             *Defendant.* | **Adversary No. 13-01687** |
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,**<br>             *Plaintiff,*<br>                   v.<br>**L. LONDELL McMILLAN,**<br>             *Defendant.* | **Adversary No. 13-01772** |
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,**<br>             *Plaintiff,*<br>                   v.<br>**ILAN NISSAN,**<br>             *Defendant.* | **Adversary No. 14-01820** |
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,**<br>             *Plaintiff,*<br>                   v.<br>**CHRISTIAN C. NUGENT,**<br>             *Defendant.* | **Adversary No. 14-01821** |

| | |
|---|---|
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,** <br>     *Plaintiff,* <br>     v. <br> **STEPHEN P. OTILLAR,** <br>     *Defendant.* | Adversary No. 14-01818 |
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,** <br>     *Plaintiff,* <br>     v. <br> **MARK S. RADKE,** <br>     *Defendant.* | Adversary No. 13-01770 |
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,** <br>     *Plaintiff,* <br>     v. <br> **ANTHONY W. SHAW,** <br>     *Defendant.* | Adversary No. 13-01771 |
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,** <br>     *Plaintiff,* <br>     v. <br> **MICHAEL STEELE,** <br>     *Defendant.* | Adversary No. 14-01795 |
| **ALAN M. JACOBS, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust,** <br>     *Plaintiff,* <br>     v. <br> **RONALD W. ZDROJESKI,** <br>     *Defendant.* | Adversary No. 14-01794 |

## **CASE MANAGEMENT AND SCHEDULING ORDER**

This Case Management and Scheduling Order is entered by the Court following a Scheduling Conference held on March 20, 2014, in accordance with FRCP 16(b) and 26(f).

**A.     Applicability**

1.     This Order shall govern (i) the above-captioned adversary proceedings and (ii) any other adversary proceeding filed by the Liquidating Trustee against a former partner of the Debtor on or before March 26, 2014, asserting claims under chapter 5 of the Bankruptcy Code (collectively, the "**Clawback Adversary Proceedings**").

2.     In this Order, the term "**Defendant**" shall refer to a defendant in a Clawback Adversary Proceeding.

**B.     Partial Consolidation**

1.     <u>Common Issues</u>.  The Clawback Adversary Proceedings (or certain of them to which the following issues are relevant) shall be consolidated for the following purposes:  (a) all pretrial and discovery purposes, and (b) motion practice and/or trial on the following issues: (i) the date on which the Debtor became insolvent (including, without limitation, issues related to the status of partners as salaried partners or equity partners); (ii) the applicability of Section 548(b) of the Bankruptcy Code to the Defendants; (iii) the applicability of Section 277 of the N.Y. Debtor and Creditor Law ("**NYDCL**") to the Defendants; (iv) whether services provided, work performed or business generated by the Defendants can constitute reasonably equivalent value under the Bankruptcy Code or fair consideration under NYDCL;[1] (v) whether Debtor's payment of partner loans constituted either payment of an antecedent debt or a distribution of equity; and (vi) any other common issue affecting two or more partners (the "**Common Issues**").

---

[1]     This issue does not involve the question of how much value a Defendant's work may have provided (which depends on facts specific to each partner), but rather only whether the value of such work, if any, could, as a matter of law, supply reasonable equivalent value or fair consideration for constructive fraudulent transfer purposes.

4

2. The Clawback Adversary Proceedings are partially administratively consolidated with respect to (a) discovery, (b) pretrial proceedings; and (c) any motions practice, hearings and/or trial, as appropriate, on Common Issues, as set forth in this Order.

3. Any filing affecting two or more Clawback Adversary Proceedings shall be filed on the docket in *Jacobs v. Marcoux*, Adv. No. 13-01687-MG (Bankr. S.D.N.Y.), which shall be the "**Lead Case**" for administrative purposes in the Clawback Adversary Proceedings.

4. A filing in the Lead Case shall be sufficient to give notice to all Defendants.

5. A docket entry shall be made in each of the Clawback Adversary Proceedings, substantially as follows:

> An Order has been entered directing the partial consolidation of this action and other Clawback Adversary Proceedings. The docket for *Jacobs v. Marcoux*, Adv. No. 13-01687-MG (Bankr. S.D.N.Y.), should be consulted for all matters covered under the Order from the date of this Order.

6. The Liquidating Trustee may, in consultation with the Defendants, designate a different Clawback Adversary Proceeding as Lead Case, upon written notice to all Defendants.

**C.    Deadline to Respond to Complaints**

1. The deadline for all Defendants to answer or otherwise respond to the complaints in the Clawback Adversary Proceedings shall be May 1, 2014 ("**Response Date**"). Any Defendant that filed an answer prior to entry of this Order may file an amended answer by the Response Date.

**D.    Amended Pleadings**

1. Except as provided in paragraph C.1., above, amended pleadings may be filed only with leave of Court.

2. Additional parties may be joined in any individual Clawback Adversary Proceeding only with leave of Court.

5

**E.    Initial Disclosures**

1.    Initial disclosures pursuant to FRCP 26(a)(1) shall be completed by all parties no later than 14 days from the date of this Order.

2.    Initial disclosures shall not be required with respect to any topics on which the parties have reached a stipulation, as provided below.

**F.    Fact Discovery**

1.    All fact discovery shall be completed within 210 days of the Response Date (the "**Fact Discovery Cutoff**").

2.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, except as otherwise provided herein.

3.    <u>Stipulations on Matters of Fact Other Than Insolvency</u>.  The Liquidating Trustee and each Defendant shall use reasonable best efforts to stipulate to facts that are not in dispute. With the exception of the insolvency issue, which is addressed separately below, each Defendant shall confer with the Liquidating Trustee as soon as practicable to identify all alleged facts to which the Defendant cannot stipulate.  The Liquidating Trustee and Defendants shall, without awaiting a formal request, provide information to resolve the dispute.  Discovery, to the extent not resolved by stipulation, may be, and is encouraged to be, coordinated at the election of the parties.

4.    <u>Document Production Related to Insolvency</u>.  In lieu of the procedures provided for in FRBP 7034, all document discovery related to insolvency will proceed as follows.  On or before the Response Date, the Liquidating Trustee shall create a data room consisting of discoverable material relevant to the issue of insolvency and will produce that material to each Defendant in the format in which it was maintained in the Debtor's ordinary course of business

6

or as compiled for review by the Liquidating Trustee. The Liquidating Trustee shall include in the data room all materials provided to his expert(s) and all documents, information or materials on which he intends to rely with respect to insolvency. The Liquidating Trustee shall maintain and provide to Defendants a comprehensive index of documents by type and description of information in the data room. To the extent any Defendant seeks the production of materials that are not included in the data room the Defendant shall provide a written request to the Liquidating Trustee (a) certifying that the Defendant has used reasonable best efforts to locate the requested information in the data room; and (b) describing the type of documents or information sought, including, to the extent the requesting Defendant has such knowledge, descriptions such as dates, custodians and formats to facilitate an efficient search for the requested documents. If the Liquidating Trustee objects to the production of any such materials, the Liquidating Trustee shall so inform the requesting Defendant and the parties shall meet and confer regarding the objection within 10 days of receipt of the production request. During such 10-day period, the Liquidating Trustee shall in good faith keep the requesting party or parties apprised of the status of such request, including, without limitation, providing a detailed explanation of any issues encountered with respect to the production of the requested documents. If necessary, the Liquidating Trustee and the requesting Defendant shall jointly seek resolution of any such dispute from the Bankruptcy Court within 3 business days thereafter. In the absence of an objection, the Liquidating Trustee shall produce the requested materials within 14 days of receipt by the Liquidating Trustee of a production request by adding the materials to the data room. All Defendants shall have access to materials added to the data room. The Liquidating Trustee shall notify Defendants of any additions to the data room. The Defendants shall use reasonable best

efforts to coordinate discovery requests to avoid making duplicate requests to the Liquidating Trustee. This paragraph does not supersede any confidentiality agreement or protective order.

5. <u>Production of Debtor-Maintained Electronic Mail</u>. The Liquidating Trustee and the Defendants shall use reasonable best efforts to agree on a set of search terms reasonably likely to locate discoverable electronic mail. The Liquidating Trustee shall conduct a search for electronic mail using such search terms and shall include responsive non-privileged electronic mail in the data room. The Defendants shall inform the Liquidating Trustee of their combined list of requested search terms by no later than June 9, 2014. The Liquidating Trustee shall respond to, and the parties shall meet and confer on the requested list, within 7 days of Defendants' joint submission to the Liquidating Trustee of their requested search terms. The Liquidating Trustee shall add responsive materials to the data room on a rolling basis and is entitled to a reasonable time to conduct reviews for privilege and confidentiality. If, following production of these materials, the Defendants request additional search terms, the parties shall meet and confer regarding the burden of such additional searches. The Liquidating Trustee shall provide an index of which portions of electronic mail data of the Debtor that the Liquidating Trustee has already restored to a searchable format. In the event that a Defendant requests restoration of additional electronic mail data, the Liquidating Trustee and the requesting Defendant shall meet and confer regarding the burden of any restoration of the requested data.

6. <u>Depositions</u>. All depositions shall be consolidated such that each witness is required to appear only once for deposition. Any deposition noticed in any Clawback Adversary Procedure shall be noticed to all Defendants. Any party wishing to participate in any noticed deposition shall promptly inform both the noticing party and the deponent. All parties to the deposition shall meet and confer regarding the time, place, length, and format of the deposition,

8

including any appropriate extension of the presumptive time limits for depositions. All parties shall produce for deposition any witness on which that party intends to rely, unless a party can show good cause why a witness cannot be produced. While counsel for all parties may question a witness at depositions, duplicative or cumulative questioning is not permitted. Counsel for Defendants must confer and agree on a lead counsel to question the witness and the order in which questioning by other (non-lead) counsel will proceed.

**G.    Expert discovery**

1.    All expert discovery shall be completed no later than 75 days after the Fact Discovery Cutoff.

2.    No later than 45 days prior to the Fact Discovery Cutoff, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) the Liquidating Trustee's expert report(s), along with all underlying documents relied upon by the Liquidating Trustee's expert(s), shall be delivered to each Defendant by electronic mail no later than the Fact Discovery Cutoff; (ii) Defendants' expert report(s), along with all underlying documents relied upon by Defendants' expert report(s), shall be delivered to the Liquidating Trustee by electronic mail no later than 30 days following the Fact Discovery Cutoff; and (iii) the Liquidating Trustee's rebuttal expert report(s), if any, along with all underlying documents relied upon by the Liquidating Trustee's expert(s), shall be delivered by electronic mail to the Defendants no later than 51 days following the Fact Discovery Cutoff.

**H.    Discovery Disputes**

1.    In the event of any discovery dispute, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference

9

call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

**I.     Motions**

1. All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements, except as provided below.

2. All hearings and conferences held with respect to pre-trial matters, motions or trial on Common Issues shall be treated as a joint hearing or conference unless the Court orders otherwise.

3. <u>Motions to Dismiss</u>. All motions to dismiss shall be filed by the Response Date. Responses shall be filed within 45 days. Replies shall be filed within 30 days. The Liquidating Trustee may file a consolidated response. A hearing on all such motions shall be held on the first omnibus hearing date that is at least 15 days following the filing of all replies, or as otherwise set by the Court.

4. <u>Motions for Summary Judgment</u>. Pursuant to FRCP16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (see Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of expert discovery.

5. <u>Stipulated Extensions of Time</u>. Without further order of the Court, the Trustee and any Defendant may stipulate to one extension of time to respond to any pending motion, provided such extension is no more than 30 days.

6. <u>Filing Procedures</u>. Motion papers shall be filed promptly after service. All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and

courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for plaintiffs should be marked by numbers; exhibits for defendants should be marked by letters.

7. Two courtesy copies of all motions papers shall be delivered to chambers as soon as practicable after filing.

8. Prior to filing a motion, counsel for the moving party shall contact the Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

9. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1-inch margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.

10. <u>Withdrawal of the Reference</u>. Notwithstanding any other provision of this Order, no Defendant shall be deemed, by virtue of agreeing to entry of this Order, to have waived any right to seek withdrawal of the reference or shall suffer any prejudice in respect of such right.

**J.     Alternative Dispute Resolution**

1. Counsel in each individual Clawback Adversary Proceeding must meet and confer to discuss settlement or use of alternative dispute resolution ("ADR") within 30 days after the date of this Order and, again, within 30 days after the close of fact discovery. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party.

**K.    Joint Pretrial Conference Order**

1. Counsel shall submit a proposed Joint Pretrial Conference Order 30 days prior to trial. The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by the Court's Courtroom Deputy or law clerks.

2. <u>Trial Consolidation</u>. Any hearings or trial on the issue of insolvency shall be conducted on a consolidated basis. Parties are encouraged to propose consolidated trial on other issues of fact that are common to multiple defendants.

**L.    Modifications to Order**

1. Except as stated otherwise herein, this Order may not be modified or the dates extended, except by further Order of this Court for good cause shown. Any application to modify or extend any deadline established by this Order shall be made in a written application no less than 5 days prior to the expiration of the date sought to be extended.

Dated:    March 31, 2014
         New York, New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                            United States Bankruptcy Judge